FILED
Date: 3/5/24
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT of FLORIDA
OCALA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 5:24-cr-19-TPB-PRL
     18 U.S.C. § 922(g)(1)

JORDAN KAROD GOODMAN

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Possession of a Firearm or Ammunition by a Convicted Felon)

On or about November 13, 2023, in the Middle District of Florida, the defendant,

**JORDAN KAROD GOODMAN,**

knowing that he had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including the following offenses:

1. Possess Cannabis with Intent to Sell or Deliver, on or about January 6, 2022,

2. Carrying a Concealed Firearm, on or about January 6, 2022,

did knowingly possess, in and affecting interstate and foreign commerce, a firearm and ammunition, that is, a Glock firearm and Ammo Inc. ammunition.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

## FORFEITURE

1. The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 922(g), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

3. The property to be forfeited includes, but is not limited to, the following: a Glock firearm and Ammo Inc. ammunition, seized from the defendant on November 13, 2023.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,



Foreperson

ROGER B. HANDBERG
United States Attorney

By: Sarah Janette Swartzberg
Assistant United States Attorney

By: Robert E. Bodnar, Jr.
Assistant United States Attorney
Chief, Ocala Division

FORM OBD-34
February 24

No. _____

## UNITED STATES DISTRICT COURT
### Middle District of Florida
### Ocala Division

THE UNITED STATES OF AMERICA

vs.

JORDAN KAROD GOODMAN

## INDICTMENT

Violations: 18 U.S.C. § 922(g)(1)

A true bill,

███████████████
Foreperson

Filed in open court this 5th day

of March 2024.

_M Taylor_
Clerk

Bail $ _____

GPO 863 525